IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TIAN YUN PAN, | : | |
| --- | --- | --- |
| Petitioner | : | |
| | : | |
| v. | : | NO. 02-CV-02712-RFK |
| | : | |
| HONORABLE JOHN ASHCROFT, | : | |
| UNITED STATES ATTORNEY | : | |
| GENERAL, | : | |
| Respondent | : | |
| | : | |

GOVERNMENT'S RESPONSE TO MOTION
FOR RECONSIDERATION

I. INTRODUCTION

In this habeas case, the alien petitioner initially argued that his detention violated the Constitution. Because Pan entered the United States illicitly and was never admitted, this Court held that the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) did not apply to his case. By order dated July 8, 2002, this Court dismissed Pan's petition. Pan v. Ashcroft, 2002 WL 1497115, *1 (E.D.Pa. Jul. 8, 2002).

Pan filed a "Motion to Reconsider" on or about July 17, 2002. In the motion, Pan cites to unpublished district court cases in the Middle District of Pennsylvania,

-1-

which he says support his argument. More to the point, Pan argues that the Attorney General has promulgated a regulation, 8 CFR § 241.13, which augurs for relief in his case and applies "to aliens who are present without admission as it is recognized by the State Department"(sic); Motion, page 2 ("Argument").

II. ARGUMENT

It is not clear why Pan alleges that § 241.13 of 8 CFR bolsters his case. The regulation was issued in November 2001, following the Court's holding, in Zadvydas, and provides for certain alien detention cases to be administered by the INS headquarters, instead of by the various districts. Specifically, the regulation is addressed to those cases where there is little or no likelihood of removal in the foreseeable future.[1] Contrary to Pan's

---

[1] The purpose of § 241.13 is contained in the first subsection, which says:
(a) Scope. This section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at s 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future.
8 CFR § 241.13 (West 2002).

assertion, the regulation at subsection provides:

> (b) Applicability to particular aliens.
> (3) Limitations. **This section does not apply to:**
>     **(i) Arriving aliens,** including those who have not entered the United States, those who have been granted immigration parole into the United States, and Mariel Cubans whose parole is governed by § 212.12 of this chapter;....

8 CFR § 241.13 (emphasis added).

Pan is an "arriving alien," that is, an alien never admitted, and the regulation in terms has no application to his case.

Moreover, there has been no determination that Pan cannot be removed. The People's Republic of China does take its citizens back, albeit at its own pace, and has not affirmatively refused to take this alien. Zadvydas makes clear that it the burden is on the alien, not the government, to adduce facts relating to the likelihood *vel non* of removal in order to warrant release.

On page three of his Motion, Pan cites Middle District cases which he avers support his contention. The opinions are not published and not readily available to the government; even if the cases did stand for the proposition that Pan posits, they are of no precedential value.

III. CONCLUSION

For the foregoing reasons the "Motion To Consider" should be denied.

Respectfully,

PATRICK L. MEEHAN
United States Attorney

*James G. Sheehan*
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division

STEPHEN J. BRITT
Assistant United States Attorney

*Certificate of Service*

I certify hereby that on the 16th day of August, 2002, I personally served or caused to be served a copy of the attached Government's Response to Motion for Reconsideration, addressed to:

>Tian Yun Pan    No. 1699-02
>Berks County Prison
>1287 County Welfare Road
>Leesport PA    19533-9397

>*Pro se*

by first class mail, postage prepaid upon the plaintiff.

_____
STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA    19106-4476
(215) 861-8443
(215) 861-8642    facsimile